UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-61827-CIV-RAR/SELTZER

DONNAHUE GEORGE,

    Plaintiff,

v.

WILLIAM SNYDER, WEST WAY TOWING,
FORT LAUDERDALE CODE ENFORCEMENT,
JOHN DOE,

    Defendants.

_____/

**DEFENDANTS' JOINT MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendants, CITY OF FORT LAUDERDALE (incorrectly sued as Fort Lauderdale Code Enforcement) ("CITY"), WILLIAM SNYDER ("SNYDER") and WEST WAY TOWING ("WEST WAY")(collectively "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), hereby moves to dismiss Plaintiff's, DONNAHUE GEORGE ("GEORGE" or "Plaintiff"), Amended Complaint [ECF No. 11] and in support states as follows:

**INTRODUCTION AND
SUMMARY OF THE ARGUMENT**

Defendants are filing this Joint Motion pursuant to this Court's Policies and Procedures and the Order Striking each party's respective Motions to Dismiss. See ECF No. 37. However, WEST WAY is a separate entity from the CITY and SNYDER. While the arguments presented are joint for purposes of this Motion, nothing herein implies that WEST WAY is an agent or subsidiary of

the CITY, and likewise, the CITY is not an agent or subsidiary of WEST WAY. For purposes of this Motion, the parties will specify which arguments are applicable to which party.

Plaintiff's Amended Complaint purports to assert claims against Fort Lauderdale Code Enforcement, SNYDER and WEST WAY. His bare bones Amended Complaint alleges, without mention of any date or time, that while Plaintiff was out of town, SNYDER "came on to [his] property…with the assistance of Westway Towing[,] [and] stole [his] vehicle out of [the] driveway." See ECF No. 11, p. 2. Plaintiff further alleges that SNYDER "did not have any legal authority to take [the] vehicle…[and] [that] defendants submitted false information to the police dispatcher…" See ECF No. 11, p. 2. Additionally, Plaintiff alleges SNYDER "submit[ed] [a] false report to his department (Fort Lauderdale Code Enforcement) that stated he did not know who the owner of the vehicle was and that it was derelict." See ECF No. 11, p. 3.

After returning home to Fort Lauderdale, Florida, Plaintiff alleges that he filed a police report with the police department claiming that his vehicle was stolen. He then found out that "code enforcement had [his] vehicle towed off the street." See ECF No. 11, p. 4. Plaintiff subsequently filed this action asserting claims allegedly arising under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, 42 USC §1983, fraud, trespass, intention infliction of emotional distress and conversion.

As demonstrated below, GEORGE's claims should be dismissed in its entirety because:

*First*, Fort Lauderdale Code Enforcement is not an entity capable of being sued and must be dismissed;

*Second*, to the extent that GEORGE purports to assert a state law claim against SNYDER, acting in his official capacity as a City of Fort Lauderdale employee, and CITY, GEORGE has

failed to plead compliance with the mandatory pre-suit requirements of §768.28(6)(a), Fla. Stat. (2017), warranting dismissal;

*Third*, GEORGE fails to assert his claims with any specificity or providing any facts, ultimate or otherwise, to support his claims, fails to state upon what grounds or sufficient legal basis under which he brings his cause of action and fails to specify as to which cause of action is directed to which Defendant;

*Fourth*, GEORGE fails to state a cause of action against SNYDER, CITY and/or WEST WAY, on which relief can be granted under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, 42 USC §1983, fraud, trespass or conversion; and

*Fifth*, GEORGE fails to provide any facts, circumstantial or otherwise, to support a claim for intentional infliction of emotional distress, trespass, conversion or fraud.

Consequently, GEORGE's Amended Complaint against Defendants should be dismissed in its entirety.

**ARGUMENT AND**
**MEMORANDUM OF LAW**

I.  **FORT LAUDERDALE CODE ENFORCEMENT IS NOT AN ENTITY CAPABLE OF BEING SUED AND MUST BE DISMISSED**

Plaintiff alleges that:

> Code Enforcement Officer Snyder came on to [his] property…with the assistance of Westway Towing[,] [and] stole [his] vehicle out of [the] driveway.  He further alleges that Snyder did not have any legal authority to take [the] vehicle…[and] [that] defendants submitted false information to the police dispatcher…" Lastly, he states that Snyder submit[ed] [a] false report to his department (Fort Lauderdale Code Enforcement) that stated he did not know who the owner of the vehicle was and that it was derelict.

See ECF No. 11, pp. 2, 3, and 4.  No further allegations were raised within the four corners of Plaintiff's Amended Complaint regarding Fort Lauderdale Code Enforcement.

3

In Florida, it is well-established that departments of city government are not legal entities subject to suit and do not have the capacity to be sued, thereby warranting the dismissal of this action against the Fort Lauderdale Code Enforcement. Post v. City of Fort Lauderdale, 750 F.Supp. 1131, 1132-33 (S.D. Fla. 1990) (granting Fort Lauderdale Police Department's motion to dismiss because it is not an entity subject to suit"); Ball v. City of Coral Gables, 548 F.Supp.2d 1364, 1369 (S.D. Fla. 2008) (holding that Coral Gables Police Department not an entity subject to suit); Lomax v. City of Miami Police Department, 2010 WL2163497, *3 (S.D. Fla. April 20, 2010) ("[t]he Miami Police Department is not a person within the meaning of 42 U.S.C. §1983 and may not be held liable in a civil rights suit for damages" and "under Florida law, a police department is not a governmental body"); Tobkin v. Tobkin, 925 So.2d 337 (Fla. 4th DCA 2006); Florida City Police Department v. Corcoran, 661 So.2d 409, 410 (Fla. 3d DCA 1995) ("[w]here a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit"). Similarly, code enforcement is an integral part of city government as the vehicle through which the city fulfills its code enforcement functions; it is not an entity subject to suit.  Consequently, Plaintiff's Amended Complaint against Fort Lauderdale Code Enforcement should be dismissed with prejudice.

**II.    PLAINTIFF HAS FAILED TO COMPLY WITH PRE-SUIT REQUIREMENTS AND THUS THE AMENDED COMPLAINT MUST BE DISMISSED AGAINST CITY AND SNYDER**

To the extent Plaintiff is attempting to assert any state law tort claims, and/or seeks tort damages against SNYDER and/or CITY, Plaintiff has failed to comply with the pre-suit requirements mandated in §768.28(6)(a), Fla. Stat. (2017). See Williams v. Becker, 608 Fed.Appx. 905; Maynard v. Department of Corrections, 864 So.2d 1232, 1234 (Fla. 1st DCA 2004) ("section 768.28(6)(a) notice provision is strictly construed, with strict compliance being required"); Osten

v. City of Homestead, 757 So.2d 1243, 1244 (Fla. 3d DCA 2000). Section 768.28(6) provides that:

> (6)(a) An action *may not be instituted* on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, county, or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing . . .
>
>     \*\*\*
>
> (d)     . . . [T]he failure of the Department of Financial Services or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section.

§768.28(6)(a), (d), Fla. Stat. (2017) (emphasis added).

In this case, neither SNYDER (by way of and in furtherance of his employment with the CITY) nor CITY were provided with the required and prerequisite statutory notice of Plaintiff's alleged claims, and therefore, have not been provided the statutory opportunity to investigate, deny or otherwise dispose of Plaintiff's alleged claims.

Moreover, even if Plaintiff had provided statutory notice, he has nonetheless failed to allege compliance with Florida's pre-suit notice requirement, warranting dismissal. Under Florida law:

> [N]ot only must the notice be given before a suit may be maintained, but also *the complaint must contain an allegation of such notice* . . . Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice.

Menendez v. North Broward Hospital District, 537 So.2d 89, 91 (Fla. 1988) (citing Levine v. Dade County School Board, 442 So.2d 210, 212 (Fla. 1983)) (emphasis added); City of Pembroke Pines v. Atlas, 474 So.2d 237, 238 (Fla. 4th DCA 1985) (allegation of compliance with the notice provision of §768.28(6) "is a condition precedent to suit . . . which must be pled to state a cause of action . . ."); Wagatha v. City of Satellite Beach, 865 So.2d 620, 622 (Fla. 5th DCA 2004 )("[a]

plaintiff must plead compliance with the statute, although a general averment will suffice"). As such, *"absent an allegation of departmental notice, the complaint fails to state a cause of action."* Id. (emphasis added). Consequently, Plaintiff's Amended Complaint against SNYDER and CITY should be dismissed.

### III. GEORGE HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND THUS THE AMENDED COMPLAINT MUST BE DISMISSED AGAINST DEFENDANTS

Plaintiff has failed to assert sufficient facts to state any viable cause of action against Defendants. The purpose of a 12(b)(6) motion "is to test the facial sufficiency of the complaint." Omar v. Lindsey, 334 F.3d 1246, 1247 (11th Cir, 2003). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff bears the burden of providing 'grounds' of his 'entitle[ment] to relief' "requiring more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 667-78 (2009) (citing *Twombly*, 550 U.S. at 555 (internal citation omitted)).

When reviewing a motion to dismiss, all the factual allegations are taken as true. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 679 (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely

6

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits. See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009). A complaint should be dismissed "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

While Fed.R.Civ.P. 8(a)(2) requires only that the statement "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. at 555. Moreover, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level..." Mills v. Foremost Insurance Company, 511 F.3d 1300, 1303 (11th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, supra).

On July 22, 2019, the Court, upon a *sua sponte* review of the record, entered and Order Dismissing Case [ECF No. 7] relating to the original Complaint filed by GEORGE. The Order states:

> Even under the relaxed pleading standard afforded to *pro se litigants,* Plaintiff's Complaint fails to meet the foregoing standards. The Complaint does not include sufficient factual matter, that if acted as true, allows the Court to reasonably infer that Defendants are liable for any misconduct or wrongdoing, or what the claim or claims against each of them may be. While Plaintiff alleges violations of his Fourth and Fifth Amendment rights, Plaintiff's pleading fails to identify any facts on which Plaintiff's claims are based. Instead, Plaintiff provides, in a conclusory manner, that Defendants conspired to steal his property from his premises without authority...Plaintiff's Complaint is entirely conclusory in nature and the Court cannot discern from this pleading the nature of Plaintiff's claim, nor what each Defendant is accused of, and on what basis. "[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."

The same defects the Court addressed in its Order Dismissing Case are present in the Amended Complaint. First, without any argument for how the 4th, 5th, and 14th Amendments of the United

States Constitution, as well as 42 U.S. Code §1983 apply to Defendants, a municipality, municipal employee and private Florida limited liability company, respectively, the Amended Complaint states, in sum, Defendants violated these provisions. Second, without setting forth any of the elements of the separate causes of action, GEORGE alleges that Defendants committed, fraud, trespass, intentional infliction of emotional distress, and conversion. In violation of Federal Rule of Civil Procedure 10(b), GEORGE does not separate distinct claims into different counts. Such a pleading style makes it virtually impossible to distinguish which claims are made against WEST WAY, which claims are made against SNYDER, and which claims are made against CITY.

Here, Plaintiff's factual statements do not sufficiently state a claim for relief as he fails to assert any allegations that support his claim of constitutional or statutory violations, fails to state any facts that arguably support his entitlement to relief under trespass, conversion, fraud or intentional infliction of emotional distress. Moreover, Plaintiff fails to provide such specific facts as the date of the incident, what actions each Defendant did or failed to do to allegedly cause or contribute to his injuries, and upon what grounds, if any, he claims punitive damages. Additionally, Plaintiff alleges no facts against CITY regarding what it did or did not do that would arguably entitle him to relief of any nature.

Although Plaintiff is *pro se*, Federal courts employ a liberal construction when reviewing a *pro se* complaint, and "must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations." Torres v. Miami-Dade Cty., No. 17-14205, 2018 WL 2214279, at *2 (11th Cir. May 15, 2018) (citing Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000)). Moreover, "technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized by the district court to determine if any legally cognizable claim can be found within the four corners of the plaintiff's document." Id.

Case No.: 19-61827-CIV-RAR/SELTZER

However, even with the lenient *pro se* pleading standards employed by Federal courts, a cause of action still has not been pled against Defendants. Simply, this Amended Complaint does not include sufficient factual matter, if accepted as true, which would allow a Court to reasonably infer that Defendants may be liable for any misconduct or wrongdoing. From a review of the entire pleading, no cognizable claim is raised against Defendants as GEORGE clearly fails to articulate any cognizable grounds or basis for relief and this failure is fatal to his claims despite Plaintiff's *pro se* status.

## IV. GEORGE FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS FOR CONSTITUTIONAL VIOLATIONS

Plaintiff alleges that Defendants have violated his Fourth, Fifth, and Fourteenth Amendment rights; however, he fails to provide any proof that the vehicle belonged to him, fails to state what civil theft statute was violated by Defendants, fails to state how Defendants deprived him of life or liberty, and fails to plead elements necessary to sustain an equal protection claim.

Further, assuming *arguendo* that Plaintiff's Fourth and Fifth Amendment conclusory allegations attempt to attack Defendants' removal of vehicles from private property, he fails to put forth any factual allegations to meet his burden.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in

> jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Here, Plaintiff alleges that SNYDER violated his Fourth and Fifth Amendment rights but fails to show any proof that the vehicle in question belonged to him, fails to state how Defendants committed civil theft or deprived him of life or liberty. Moreover, Plaintiff fails to aver any allegations purporting that SNYDER is an agent of CITY and thus capable of depriving him of his Fourth or Fifth Amendment rights. Ultimately, Plaintiff fails to identify any facts to support his conclusory statements, thus he cannot sustain a claim for violation of his Fourth or Fifth Amendment rights.

Furthermore, Plaintiff alleges that SNYDER violated his Fourteenth Amendment rights. However, Plaintiff fails to plead the necessary elements to sustain an equal protection/selective enforcement claim.

The Fourteenth Amendment provides, in pertinent part:

**Section 1**

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

To plead selective enforcement, a plaintiff must present sufficient facts to show that: (1) she was treated differently from other similarly situated individuals, and (2) that the defendants unequally applied a facially neutral ordinance for the purpose of discriminating against Plaintiff. See Charnely v. Town of South Palm Beach, Not Reported in Fed. Supp. (2015) (citing Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, Fla., 430 F. Supp. 2d 1296, 1322 (S.D. Fla. 2006) (citing Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006)).

Here, Plaintiff fails to show any specific factual allegations as to how he was treated, how similar individuals were treated, that said individuals are similarly situated to Plaintiff, and how he is treated differently from other similarly situated individuals. Thus, Plaintiff fails to establish that Defendants violated his Fourteenth Amendment rights. Moreover, he fails to identify any facts, other than conclusory allegations, that he was deprived of property without due process of law.

### IV. GEORGE FAILS TO STATE A CAUSE OF ACTION FOR FRAUD AGAINST DEFENDANTS

Ignoring the stylistic defects of the Amended Complaint, Plaintiff has failed to properly plead each of the elements of the causes of actions outlined in Paragraphs 9-12 and specifically has not plead fraud with particularity, identified any statement by Defendants that was false and how GEORGE relied upon the alleged misrepresentation. *See* Fed. R. Civ. P. 9(b)("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC, 278 F. Supp. 3d 1307, 1317 (S.D. Fla. 2017) ("(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation...")(internal citations omitted). Therefore, Plaintiff's claim of fraud must be dismissed.

### V. GEORGE FAILS TO STATE A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS

In order to prove a claim for intentional infliction of emotional distress, Plaintiff must provide factual support for each element of the cause of action. The elements of a cause of action for intentional infliction of emotional distress are: " (1) the wrongdoer's conduct was intentional or

reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused the emotional distress; and (4) the emotional distress was severe." Dominquez v. Equitable Life Assurance Soc'y of the U.S., 438 So.2d 58, 59 (Fla. 3d DCA 1983). See also Hart v. United States, 894 F.2d 1539, 1548 (11th Cir. 1990)(citing Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 278 (Fla.1985)(quoting 46, Restatement (second) of Torts (1965). Comment (d) of the Restatement Second further provides;

> Extreme and outrageous conduct … It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that this conduct has been characterized by "malice", or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized community. . .

McCarson, 467 So.2d at 278-79.

Plaintiff fails to plead that Defendants' conduct was outrageous, intentionally reckless, how it was extreme and outrageous, how Defendants' conduct caused emotional distress and what emotional or psychological injuries he suffered from said emotional distress. Orzechowitz v. Nova Se. Univ., No. 13-62217-CIV, 2014 WL 1329890, at *5–6 (S.D. Fla. Mar. 31, 2014). In addition, Plaintiff was <u>NOT</u> even present when his derelict vehicle was towed from his property as he was in another state. These failures are fatal to his claim for intentional infliction of emotional distress and thus must be dismissed.

### VI. GEORGE FAILS TO STATE A CAUSE OF ACTION FOR CONVERSION AGAINST DEFENDANTS

Regarding conversion, Plaintiff has failed to allege that WEST WAY was unauthorized to act in towing the vehicle after receiving instructions from the CITY or that CITY authorized the

unlicensed vehicle to be towed as it was derelict. *Mayo v. Allen*, 973 So. 2d 1257, 1258–59 (Fla. 1st DCA 2008)("It is well settled that a conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time...Conversion may be demonstrated by a plaintiff's demand and a defendant's refusal.")(internal citations omitted.) *See additionally Goodrich v. Malowney*, 157 So.2d 829, 832 (Fla. 2d DCA 1963) ("The purpose of proving a demand for property by a plaintiff and a refusal by a defendant to return it in an action for conversion is to show the conversion. The generally accepted rule is that demand and refusal are unnecessary where the act complained of amounts to a conversion regardless of whether a demand is made."). As such, Plaintiff fails to properly allege conversion; thus, his claim must be dismissed.

**VII.** **G****EORGE FAILS TO STATE A CAUSE OF ACTION FOR TRESPASS AGAINST DEFENDANTS**

Regarding trespass, Plaintiff has not pled WEST WAY entered he premises willfully and without authority. *Dagerath v. State*, 100 So. 3d 1260, 1263 (Fla. 4th DCA 2012)([p]laintiff must plead the following basic elements of trespass: "(1) the defendant willfully entered or remained in a structure, conveyance, or other property; (2) the structure, conveyance, or other property was owned by or in the lawful possession of another; and (3) the defendant's entering or remaining in the structure, conveyance, or other property was without authorization, license, or invitation by any person authorized to give that permission."). Plaintiff merely asserts that "[t]he Defendant William Snyder did not have any legal authority to take my vehicle under any local or state ordinance." [ECF No. 11 at ¶2 ]. While this alone is insufficient, Plaintiff has additionally failed to allege that SNYDER either works for WEST WAY or WEST WAY is an agent of SNYDER, thus imputing SNYDER's liability to WEST WAY.

**VIII.** **G****EORGE FAILS TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. §1983 AGAINST CITY**

Where a Plaintiff claims that a municipality has not directly inflicted injury, but nonetheless has caused an employee to do so, vigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for actions of its employees. Board of County Commissioners of Bryan County, Oklahoma, v. Brown, 520 U.S. 397, 405, 117 S.Ct. 1382, 1389, 137 L.Ed.2d 626 (1997).  The mere fact that a plaintiff has suffered deprivation of federal rights at the hands of a municipal employee will not alone permit inference of municipal culpability and causation in a §1983 action. Id.  Deliberate indifference to a plaintiff's fairly protected right is a stringent standard of fault, requiring proof that a municipal actor disregarded known or obvious consequences of the action. Id. at 1391.

Municipal liability under 42 U.S.C. §1983 requires proof of three elements: a policymaker; an official policy or custom; and a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001), *citing* Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 54 L.Ed. 2d 611 (1978).  A government entity is not liable under §1983 unless an official policy or custom of the governmental entity is the approximate cause of the constitutional violation.  Monell, 436 U.S. at 694, 98 S.Ct. at 2037-38.  Moreover, actual or constructive knowledge of a custom or practice must be attributable to the governing body of the municipality or to the official to whom that body has delegated policy-making authority.  Piotrowski, 237 F.3d at 578-579, *citing* Webster v. City of Houston, 735 F.2d 838, 842 (5th Cir. 1984)(en banc), *citing* Jett v. Dallas Independent School District, 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), St. Louis v. Prapotnik, 485 U.S. 112, 126, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); Pembaur v. City of Cincinnati, 475 U.S. 469, 482-83, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

To prove liability against a municipality under §1983 based upon a custom, policy, or practice, a plaintiff must establish a wide spread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute custom or usage with the force of law". Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991), *citing* St. Louis v. Praprotnik, 45 U.S. at 127, 108 S.Ct. at 926. The U.S. Supreme Court has "consistently refused to hold [local government entities] liable under a theory of respondent superior" Brown, 520 U.S. 397. "As we recognized in Monell and have repeatedly reaffirmed, Congress did not intend governmental entities to be held liable unless deliberate action attributable to the entity directly cause the depravation of federal rights." Brown, 520 U.S. at 415.

Although the rules of pleading are liberal, essential to any recovery against a municipality under §1983 is the showing that "the policy or custom was the 'moving force of the constitutional violation'." Mazzilli v. Doud, 485 So. 2d 477, 479 (Fla. 3d DCA 1986); Monell, 436 U.S. at 694, 98 S.Ct. at 2037. Here Plaintiff's Amended Complaint is devoid of any official custom, policy, or practice which would be arguably cognizable under 42 U.S.C. §1983. Because GEORGE fails to specifically identify in any fashion the policy, custom or practice that was the alleged "moving force" behind his alleged injuries, he fails to state a cause of action against CITY. Simply stated, absent the showing by Plaintiff that the alleged constitutional depravation was caused by a municipal "policy" or "custom", the allegations of Plaintiff's Amended Complaint cannot support a claim against CITY under §1983.

Municipal "policy" has been defined as a "course of action consciously chosen from among various alternatives" respecting basic governmental functions. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823, 105 S.Ct. 2427, 2436, 85 L.Ed. 2d 791 (1985). Municipal "policy" is found

most obviously in municipal ordinances, regulations and the like which directly command or authorize constitutional violations. Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir. 1987).

"Custom" consists of those practices of city officials that are "so permanent and well settled" as to have "the force of law". Monell, 436 U.S. at 691, 98 S.Ct. at 2036. In defining custom in this fashion, the Monell court borrowed language from Adickes v. S. H. Cress and Company, 398 U.S. at 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), which defined the term "custom" as "persistent and widespread . . . practices" or practices that are "permanent and well settled" or "deeply imbedded traditional ways of carrying out . . . policy". Adickes, 398 U.S. at 167-68, 90 S.Ct. 1613-14.

Monell additionally teaches that the city customs which may serve as the basis for liability may only be created by city law makers or those who edicts or acts may freely represent official policy." Monell, 436 U.S. at 696, 98 S.Ct. at 2037-38. Where a §1983 claim is asserted against a governmental entity such as CITY, a plaintiff attempting to establish municipal liability must specifically identify the policymaker and - regardless of the nature of the alleged underlying depravation - a "policy" or "custom" that caused plaintiff's injury. Brown, 520 U.S. at 403; Monell, 436 U.S. at 694. "It is when an execution of a governments policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." Monell, 436 U.S. at 694.

Because Plaintiff fails to allege that CITY has a "policy" or "custom" that caused a depravation of his federal rights, and just as important, fails to identify who, specifically, is the policymaker that implemented and/or formulated the alleged policy, his claims must be dismissed.

Case No.: 19-61827-CIV-RAR/SELTZER

## **CONCLUSION**

Based upon the authority cited and the arguments presented herein, Defendants respectfully request the Court dismiss Plaintiff's Amended Complaint, in its entirety, and with prejudice.

Dated: December 31, 2019.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Robert Oldershaw | /s/ Harrison T. Bergman |
| ROBERT M. OLDERSHAW (86071) | HARRISON T. BERMAN (84029) |
| roldershaw@fortlauderdale.gov | rberman@bj-law.com |
| MICHAEL T. BOSTICK (43369) | BERMAN AND JACOBS, P.A. |
| mbostick@fortlauderdale.gov | 2001 Hollywood Blvd., Suite 200 |
| ALAIN E. BOILEAU | Hollywood, FL 33020 |
| CITY ATTORNEY | Telephone: (954) 923-3533 |
| CITY OF FORT LAUDERDALE | Facsimile: (954) 613-5901 |
| 100 North Andrews Avenue | *Attorneys for West Way Towing* |
| Fort Lauderdale, FL 33301 | |
| Telephone: (954) 828-5940 | |
| Facsimile: (954) 828-5915 | |
| *Attorneys for William Snyder and City of Fort Lauderdale* | |

Case No.: 19-61827-CIV-RAR/SELTZER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, on **December 19, 2019**, on all counsel or parties of record on the Service List below.

      /s/ Robert Oldershaw
      ROBERT M. OLDERSHAW


      /s/ Harrison T. Bergman
      HARRISON T. BERMAN

## GEORGE v. SNYDER, et al.

## CASE NO.: 19-61827-CIV-RAR/SELTZER

## SERVICE LIST

**Donnahue George**
DonnahueGeorge@gmail.com
PRO SE
1012 NW 2nd Street
Fort Lauderdale, Florida 33311
*Pro Se Plaintiff*

Robert M. Oldershaw, Esq (86071)
roldershaw@fortlauderdale.gov
Michael T. Bostick (43369)
mbostick@fortlauderdale.gov
CITY OF FORT LAUDERDALE
100 N. Andrews Avenue
Fort Lauderdale, FL 33301
*Attorneys for William Snyder and City of Fort Lauderdale*

**Richard H. Bergman, Esq.** (160552)
rbergman@bj-law.com
BERGMAN AND JACOBS, P.A.
2001 Hollywood Boulevard, Suite 200
Hollywood, Florida 33020
Telephone: (954) 923-3533
Facsimile:  (954) 613-5901
*Counsel for Defendant West Way Towing*